UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN BRUNDAGE, | ) | Civil Action No. _____ |
| TERRY BRUNDAGE, | ) | |
| BRETT DEHART, and | ) | Judge _____ |
| all others similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | **COLLECTIVE ACTION COMPLAINT** |
| | ) | **FOR FAILURE TO PAY OVERTIME** |
| v. | ) | **WAGES** |
| | ) | |
| INTEGRITY FIELD SERVICES | ) | |
| INC., VERN FREGA, and | ) | |
| DANIELLE FREGA, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | **ENDORSED HEREON** |

Allen Brundage, Terry Brundage, and Brett Dehart (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows for their Complaint against Integrity Field Services Inc., Vern Frega, and Danielle Frega (collectively, "Defendants"):

1. Plaintiffs and similarly situated employees worked for Defendants, doing house painting and general construction work on Fannie Mae and other properties.

2. Defendant Integrity Field Services Inc. ("Integrity") is an Ohio corporation with its principal place of business in Medina County, Ohio.

3. According to Integrity's linkedin.com page, Integrity was founded in 1998, has between 51-200 employees, is based in Brunswick, Ohio, and "is a nationwide full service repair and preservation company serving financial institutions and government entities."

4. Defendants Vern Frega and Danielle Frega (the "Fregas") are the owners of Integrity and live in Medina County.

5. Defendant Vern Frega is the President of Integrity.

6. The Fregas acted directly or indirectly in the interest of Integrity in relation to Plaintiffs and similarly situated employees.

7. The Fregas had operational control of Integrity.

8. The Fregas were involved in the day-to-day operation of Integrity, had direct responsibility for the supervision of Plaintiffs and similarly situated employees, and were directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiffs and similarly situated employees.

9. The Fregas had an economic interest in not paying overtime wages to Plaintiffs and similarly situated employees.

10. Events giving rise to this dispute occurred in Medina County, Ohio.

11. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

12. This Court has supplemental jurisdiction over Plaintiffs' and similarly situated employees' state-law claims pursuant to 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over the parties to this action.

14. Venue is proper in the Northern District of Ohio.

15. Defendants are an enterprise engaging in interstate commerce.

16. Defendants' revenues exceed $500,000 per annum.

17. Defendants are the employer of Plaintiffs and similarly situated employees.

18. Defendants suffered or permitted Plaintiffs and similarly situated employees to work for Defendants.

19. Plaintiffs and similarly situated employees worked more than 40 hours a week for Defendants but were not paid time and one-half overtime wages. Instead, Defendants paid Plaintiffs and similarly situated employees only their "time" for on-the-clock hours worked in excess of the 40-hour workweek.

20. Additionally, Plaintiffs and similarly situated employees were not paid any overtime wages for off-the-clock work at home, such as updating photos and receiving and responding to work-related texts and emails while off of the clock.

21. Defendants are required to comply with the overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq.*, and the Ohio Revised Code.

22. Defendants violated the Fair Labor Standards Act and Ohio Revised Code Sections 4111.03 and 4111.10 by not paying Plaintiffs and similarly situated employees overtime wages for each hour worked in excess of the 40-hour workweek.

23. Although Defendants originally paid Plaintiffs and similarly situated employees as employees, Defendants later began misclassifying Plaintiffs and similarly situated employees as independent contractors in approximately June 2013.

24. The totality of the working relationship between Plaintiffs and similarly situated employees, on the one hand, and Defendants, on the other hand, was such that Plaintiffs and similarly situated employees were in fact employees of Defendants, not independent contractors.

25. Plaintiffs and similarly situated employees were economically dependent upon Defendants' business.

26. Defendants had the unilateral right to control the manner and means by which Plaintiffs and similarly situated employees performed their job duties.

27. Defendants did not pay Plaintiffs and similarly situated employees on a project-by-project basis.

28. Defendants determined the hourly pay-rates of Plaintiffs and similarly situated employees.

29. Defendants set the working hours of Plaintiffs and similarly situated employees.

30. Defendants had the right to assign additional projects to Plaintiffs and similarly situated employees.

31. Defendants exercised complete discretion over when and how long Plaintiffs and similarly situated employees could work.

32. Defendants would direct the work of Plaintiffs and similarly situated employees by specifically telling them what work to do, where to go, and when to do the work.

33. For example, on Sunday night, April 6, 2014, Defendant Vern Frega sent an email to Plaintiffs Allen Brundage and Terry Brundage stating, "Plan for Monday.  Terry, get Lake first thing then Constitution.  Once you get finished up head to North Ave."  Another example took place on November 1, 2015, when Defendant Vern Frega sent an email to Plaintiffs Allen Brundage and Terry Brundage and other employees misclassified as independent contractors, stating, in part, "Going forward, I will handle all scheduling.  If anyone needs a day off, let me know.  Leaving a site without a prior request . . . will not be acceptable."

34. Defendants provided Plaintiffs and similarly situated employees with the instrumentalities and tools to perform their work duties.

35. Plaintiffs and similarly situated employees would drive the trucks belonging to one or more of the Defendants while working.

36. Plaintiffs and similarly situated employees would also use power tools, paint supplies, and paint sprays that were purchased and owned by one or more of the Defendants.

37. Defendants would pay for the materials used by Plaintiffs and similarly situated employees.

38. Plaintiffs' and similarly situated employees' working relationship with Defendants was permanent and indefinite.

39. The work Plaintiffs and similarly situated employees performed for Defendants was an integral part of Defendants' business.

40. While employed by Defendants, Plaintiffs and similarly situated employees did not exercise managerial skills that affected their opportunity for profits or losses.

41. While employed by Defendants, Plaintiffs and similarly situated employees were not in open market competition with others persons performing the same job duties.

42. Plaintiffs and similarly situated employees did not take the initiative to operate independent businesses.

43. Defendants' conduct with regard to not paying overtime to Plaintiffs and similarly situated employees was willful.

44. Plaintiffs and similarly situated employees have been damaged by Defendants' nonpayment of overtime wages.

45. Plaintiffs and similarly situated employees are entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

46. Defendants are liable for the costs and reasonable attorney's fees of Plaintiffs and similarly situated employees pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

47. Plaintiffs have hired the undersigned counsel and have agreed to pay them reasonable attorney's fees and costs if they are successful on one or more the claims set forth herein.

48. Plaintiffs consent to becoming a party plaintiff in this action and has attached their written consents hereto as Exhibits A-C.

WHEREFORE, Plaintiffs demand judgment against Defendants for their unpaid overtime, liquidated damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Stephan I. Voudris
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Alix Noureddine, Esq.
Supreme Court No. 0092484
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
anoureddine@voudrislaw.com
440-543-0670
440-543-0721 (fax)

Counsel for Plaintiffs
and others similarly situated